Ltjpiaho, J. P.
(concurring). The statement on the indorsed complaint respecting the second cause of action states: “ Action for $3,000 representing damages sustained to premises by tenant installing security gate on premises without consent of plaintiff resulting in damages in the sum of $3,000 ”. In that context, the word 1 ‘ damages ’ ’ leads one to section 259-c of the Real Property Law, which interdicts any provision in the lease that ‘ ‘ a trial by jury is waived in any action, proceeding or counterclaim brought by either of the parties thereto against the other in any action for personal injury or property damage ’ ’. The property damage sued for herein arises from the tenant’s alleged breach of the contractual provisions of the lease in installing a security gate. What is indicated, therefore, is an intentional act on the part of the tenant in doing something to the landlord’s property, which is forbidden under the lease.
Personal injury is defined in section 37-a of the General Construction Law as including ‘ ‘ libel, slander and malicious prosecution; also an assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff, or of another”. Clearly, section 259-c of the Real Property Law enunciates a policy whereby actions for personal injury are removed from the ambit of jury waiver provisions contained in a lease agreement. Such policy should be viewed in light of the distinction between claims that are tortious and those arising out of contract. A claim for property damage arising solely out of the contractual provisions of the very lease which contains the jury waiver provision, and not out of some other contractual relationship or incidental to a claim for personal injury should not in reason warrant invocation of a policy voiding the jury waiver provision.
However, in light of the literal language of section 259-c of the Real Property Law, judicial construction taking cognizance *744 of and effectively applying the rationale embodied in the above observation could well constitute interference with the legislative prerogative. For this reason, I am constrained to concur in the reversal of the order appealed from.
Concur — Markowitz and Quinn, JJ., in Per Curiam opinion; Lupiano, J. P., concurs in result in separate opinion.
Order reversed, etc.